**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **HAROLD JEAN-BAPTISTE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No.: 1: 22-cv-01499-TNM** |
| **v.** | ) | |
| | ) | |
| **BOOZ ALLEN HAMILTON INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
FOR FAILURE TO STATE A CLAIM AND IMPROPER VENUE**

COMES NOW Booz Allen Hamilton Inc. ("Booz Allen" or "Defendant"), named as

Defendant in the action styled *Harold Jean-Baptiste v. Booz Allen Hamilton Inc., et al.*, Case No.

1: 22-cv-01499-TNM, through undersigned counsel, and files this Motion to Dismiss Plaintiff's

Complaint with prejudice. Defendant moves to dismiss the Complaint under Federal Rule of

Civil Procedure 12(b)(6) and 12(b)(3) for failure to state a claim upon which relief can be

granted and because Plaintiff filed the Complaint in an improper venue.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ 3

I.      BACKGROUND ............................................................................................... 6

II.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ................................... 7

        A.      Standard of Review ............................................................................... 7

        B.      Plaintiff's Title VII Claims Are Time-Barred ........................................ 9

        C.      Plaintiff's ECPA Claim Is Time-Barred ............................................... 10

        D.      Plaintiff's Defamation Claims under DC and Virginia Law Are Time-Barred,
                and/or the Law Does Not Create a Private Right of Action .............................. 12

        E.      Plaintiff's Claim under Section 4101 Is Not Viable as the Law Does Not
                Create a Private Right of Action ........................................................ 13

        F.      Plaintiff's Claim under Section 1985(3) Is Time-Barred ................................. 13

        G.      Plaintiff's Claim under Section 1986 Is Time-Barred ............................. 14

        H.      Plaintiff's Claim under Section 241 Is Time-Barred, and/or the Law
                Does Not Create a Private Right of Action ........................................... 15

        I.      Plaintiff's Fourth Amendment Claim Fails to State a Cause of Action .............. 15

        J.      Insufficiency of Other Claims Raised by Plaintiff ................................. 16

III.    MOTION TO DISMISS FOR IMPROPER VENUE ...................................... 17

        A.      Standard of Review ............................................................................. 17

        B.      Motion to Dismiss for Improper Venue ................................................. 17

        C.      Motion to Transfer Venue ................................................................... 20

IV.     CONCLUSION ................................................................................................ 21

## <u>TABLE OF AUTHORITIES</u>

**<u>Federal Cases</u>**

*Air Line Pilots Ass'n v. E. Air Lines*, 672 F. Supp. 525 (D.D.C. 1987) ................................  21

*Allen v. Gold Country Casino*, 464 F.3d 1044 (9th Cir.2006) ...............................  15

*Armstrong v. Nacient Solutions, LLC*, 292 F.Supp.3d 464 (D.C. Cir. 2018) .......................  16

*\*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................... 8,  17

*Beaird v. Gonzales*, 495 F. Supp. 2d 81 (D.D.C. 2007) ........................................  17

*\*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................... 8,  17

*Brown v. Whole Foods Market Grp.*, 789 F.3d 146 (D.C. Cir. 2015) ...................................  8

*Cellutech, Inc. v. Centennial Cellular Corp.*, 871 F. Supp. 46 (D.D.C. 1994) ....................  19

*Council on Am.-Islamic Rel. Action Network, Inc. v. Gaubatz*,

      891 F. Supp. 2d 13 (D.D.C. 2012) ...............................................................  11

*Demery v. McHugh*, F. Supp. 2d 5 (D.D.C. 2013) ....................................................  18

*DIRECTV Inc., v. Childers*, 274 F.Supp.2d 1287 (M.D. Ala. 2003) ....................................  11

*Flynn v. Flores*, No. 1:21-cv-00193-JHR, 2021 WL 826553 (D.N.M. Mar. 4, 2021) .........  13

*Freeman v. Fallin*, 254 F. Supp. 2d 52 (D.D.C. 2003) ..........................................  17

*Giardino v. District of Columbia*, 252 R.F.D. 18 (D.D.C. 2008) ..........................................  9

*Griffin v. Acacia Life Ins. Co.*, 151 F.Supp.2d 78 (D.D.C. 2001) .........................................  10

*Harris v. Obenshain*, 452 F.Supp. 1172 (E.D. Va. 1978) ....................................................  14

*In re Pickerel*, 267 B.R. 1 (D.D.C. Bankr. 2001) ....................................................  19

*Jones v. District of Columbia*, 879 F. Supp. 2d 69 (D.D.C. 2012) .........................................  16

*Lamont v. Haig*, 539 F.Supp. 552 (D.S.D. 1982) ....................................................  15

*Liban v. Churchey Group II*, 305 F. Supp. 2d 136 (D.D.C. 2004) .................................. 18,  20

*Lundt v. Hodges*, 627 F.Supp. 373 (N.D. Iowa 1985) ........................................ 14

*Miller v. Downtown Bid Services Corp.,* 281 F.Supp.3d 15 (D.D.C. 2017) ........................ 10

*Modaressi v. Vedadi*, 441 F. Supp. 2d 51 (D.D.C. 2006) ........................................ 17

*Nichols v. Searle*, 991 F. 2d 1195 (4th Cir. 1993) ........................................ 19

*R.J. Reynolds Tobacco Co. v. USDA*, 130 F. Supp. 3d 356 (D.D.C. 2015) ........................ 9

*Ruiz v. Vilsack*, 763 F.Supp.2d 168 (D.D.C. 2011) ........................................ 10

*Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100 (D.C. Cir. 1969) ...................... 18

*Suber v. Guinta*, 902 F.Supp.2d 591 (E.D. Pa. 2012) ........................................ 13

*Sulton v. Peters*, 532 F. Supp. 2d 150 (D.D.C. 2008) ........................................ 17

*Thomas v. Franklin*, 8:19-CV-179-T-33TGW, 2019 WL 1281174

       (M.D. Fla. Mar. 20, 2019) ........................................ 13

*Trout Unlimited v. United States Dep't of Agric.*, 944 F. Supp. 13 (D.D.C. 1996) .............. 20

*Turner v. Afro–American Newspaper Co.*, 572 F.Supp.2d 71 (D.D.C. 2008) ...................... 10

*United States v. Jacobsen*, 466 U.S. 109 (1984) ........................................ 15

*Walter v. United States*, 447 U.S. 649 (1980) ........................................ 15

*Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117 (D.D.C. 2011) ............... 9

*Wiley v. Johnson*, 436 F.Supp.2d 91 (D.D.C. 2006) ........................................ 10

**State Cases**

*Fogg v. United States*, 247 A.3d 306 (D.C. App. 2021) ........................................ 15

*United States v. Lima*, 424 A.2d 113 (D.C. App. 1980) ........................................ 15

**Federal Statutes**

18 U.S.C. § 241 ................................................................................................  15

18 U.S.C. § 2511 ..............................................................................................  11

18 U.S.C. § 2520 ..............................................................................................  11

28 U.S.C. § 1391 ..............................................................................................  18

*28 U.S.C. § 1404(a) ...............................................................................  21,  24

*28 U.S.C. § 1406(a) ...............................................................................  21,  23

28 U.S.C. § 4101 ..............................................................................................  13

42 U.S.C. § 1983 ..............................................................................................  16

42 U.S.C. § 1985(3) ........................................................................................  13

42 U.S.C. § 1986 ..............................................................................................  14

*42 U.S.C. § 2000e-5(f)(1) ............................................................................  10

*42 U.S.C. § 2000e-5(f)(3) ..............................................................  17, 18,  19

**State Statutes**

D.C. Code § 12-301 ........................................................................................  12

D.C. Code § 31-2231.01(7) ............................................................................  12

D.C. Code § 31–2231.05 ................................................................................  12

Va. Code Ann. § 8.01-243(A) ........................................................................  14

Va. Code Ann. § 18.2-417 ..............................................................................  12

I.    **BACKGROUND**

Booz Allen hired Plaintiff as a Chief Data Scientist on July 15, 2019. (*See* Pl.'s Compl. ¶ 7, ECF No. 1). Plaintiff was assigned to Booz Allen's McLean, Virginia office and tasked with leading the technical side of the Data & Analytics business. (*Id.*) Less than 90 days after he was hired, on September 30, 2019, Plaintiff raised a racial discrimination complaint with Booz Allen's Human Resources function; he also alleged that armed FBI agents had accosted Plaintiff and searched his workspace. (*See* Compl. ¶¶ 6, 14-15). On October 3, 2020, Plaintiff was placed on paid administrative leave while the company investigated his claims. (Compl. ¶ 18).

Plaintiff's complaint was promptly investigated, and his claims were not substantiated. Plaintiff's return to work was conditioned on his submitting to a fitness for duty exam. Plaintiff failed to show up for both the first scheduled exam and the rescheduled exam. Following his failure to show up for the rescheduled exam, Booz Allen terminated Plaintiff's employment on February 24, 2020. (*See* Compl. ¶ 6).

On April 30, 2020, Plaintiff filed a *pro se* Complaint ("2020 Complaint") for Employment Discrimination with the Superior Court of the District of Columbia. (*See Jean-Baptiste v. Booz Allen Hamilton, Inc., et al.*, Civil No. 1:20-cv-02178, ECF No. 1). The Complaint asserted various claims, including discrimination on the basis of race, color, and national origin, hostile work environment, and retaliation under Title VII; infringement of Plaintiff's constitutional and civil rights under 42 U.S.C. §§ 1981 and 1983; invasion of Plaintiff's privacy in violation of the Fourth Amendment Electronic Communications Privacy Act (the "ECPA"); and defamation in violation of the Code of Virginia § 18.2-417. (*Id.*) On July 13, 2020, Plaintiff filed an amended version of the Complaint with the court. (*Id.*) Booz Allen was served with this version of the Complaint on July 21, 2020. This version of the Complaint

named the U.S. Department of Justice, Attorney General William Barr, the Federal Bureau of Investigations, FBI Director Christopher Wray, FBI Deputy Director David Bowdich, and FBI Assistant Director Paul Abbate as co-defendants. (*Id.*)

On August 11, 2020, Booz Allen submitted its initial Motion to Dismiss in response to the above Complaint. (*See id.*, ECF No. 4). On August 20, 2020, Plaintiff filed a second amended version of his Complaint with this Court. (*See id.*, ECF No. 25). On September 11, 2020, Plaintiff filed a third amended version of his Complaint, (*id.*, ECF No. 32), to which Booz Allen filed a second Motion to Dismiss, (*id.*, ECF No. 33). In an Order dated September 25, 2020, the Court provided Plaintiff with a deadline of October 15, 2020, to respond to Booz Allen's Motion to Dismiss. (*Id.*, ECF No. 34). Subsequently, on September 27, 2020, Plaintiff filed a Motion to Dismiss his Amended Complaint Without Prejudice, (*id.*, ECF No. 37), which the Court granted in a Minute Order the following day.

Since the Minute Order was granted, over 20 months have passed. On June 6, 2022, Booz Allen was served with Plaintiff's new Complaint ("2022 Complaint"). While Booz Allen uses the term "new" to describe this filing, the 2022 Complaint is anything but; it is practically identical to the 2020 Complaint, except more causes of action have been added and Booz Allen is the only Defendant. For each of these causes of action, they are either barred by the applicable statute of limitations or the law in question does not provide a private cause of action. Because the 2022 Complaint fails to state any claim for which relief can be granted, this Court should dismiss it with prejudice.

## II.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires more than "unadorned, the defendant-unlawfully harmed me accusation[s]"; namely, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint cannot survive a Rule 12(b)(6) motion to dismiss unless it alleges well-pled facts sufficient "to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. The "facial plausibility" standard is only met where "the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are not acceptable. *See id*.; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).

Consequently, a court should not presume the truth of conclusory allegations; instead, it may look only to "factual allegations…to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681. "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

While *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers, [they] must nonetheless plead factual matter that permits [the court] to infer more than the mere possibility of misconduct." *Brown v. Whole Foods Market Grp.*, 789 F.3d 146, 150

(D.C. Cir. 2015) (internal quotations and citations omitted). "When evaluating a Rule 12(b)(6) motion to dismiss, a court generally does not consider matters beyond the pleadings." *R.J. Reynolds Tobacco Co. v. USDA*, 130 F. Supp. 3d 356, 369 (D.D.C. 2015) (citation omitted). However, the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint . . . or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss[.]" *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal citations omitted).

### B.    Plaintiff's Title VII Claims Are Time-Barred

The 2022 Complaint alleges that Booz Allen discriminated against Plaintiff on the basis of race and national origin, created a hostile work environment for him, and retaliated against him, in violation of Title VII of the Civil Rights Act of 1964. (Compl. ¶¶ 30, 37, 39). Attached to the 2022 Complaint is Plaintiff's Charge of Discrimination, filed with the EEOC and the Alexandria (Virginia) Office of Human Rights. This document is dated February 5, 2020. However, in the 2022 Complaint itself, Plaintiff states that he received a Right to Sue letter from the EEOC on this same date, February 5, 2020. (Compl. ¶ 4). Plaintiff provides no supporting evidence that he was ever issued a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"), which is a prerequisite to file suit. *See, e.g., Giardino v. District of Columbia*, 252 R.F.D. 18, 19 (D.D.C. 2008) (finding that a plaintiff's "receipt of a right to sue notice [from the EEOC] is a condition precedent to the initiation of a Title VII civil action" (quotation omitted)). Rather, the evidence suggests that Plaintiff conflated filing a Charge of Discrimination with receiving a Right to Sue letter from the EEOC. The fact that Plaintiff never received a Right to Sue letter, by itself, should preclude his Title VII claims in the present action.

Regardless, even assuming as true Plaintiff's assertion that he received a Right to Sue letter on February 5, 2022, his Title VII claims are time-barred. "A person aggrieved under Title VII who seeks to file a civil action must do so within ninety days from receipt of the EEOC right-to-sue notice.'" *Griffin v. Acacia Life Ins. Co.*, 151 F.Supp.2d 78, 80 (D.D.C. 2001) (citing 42 U.S.C. § 2000e–5(f)(1)); *see also Miller v. Downtown Bid Services Corp.,* 281 F.Supp.3d 15, 19 (D.D.C. 2017). Indeed, courts view the 90-day time limit from the date of receipt of the Right to Sue letter as "a statute of limitations.'" *Wiley v. Johnson*, 436 F.Supp.2d 91, 96 (D.D.C. 2006) (discussing a parallel ninety-day time limit in 42 U.S.C. § 2000e–16(c)). "No matter how slight the tardiness, a court is not at liberty to disregard the 90–day deadline out of a vague sympathy for any particular plaintiff." *Turner v. Afro–American Newspaper Co.*, 572 F.Supp.2d 71, 73 (D.D.C. 2008); *see also Wiley*, 436 F.Supp.2d at 96 ("Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day."). Importantly, courts have "strictly construed the [ninety]-day statute of limitations in Title VII cases, even where the plaintiff is proceeding pro se." *Ruiz v. Vilsack*, 763 F.Supp.2d 168, 173 (D.D.C. 2011).

Plaintiff alleges he received a Right to Sue letter on February 5, 2020. Subsequently, he filed the 2020 Complaint on April 30, 2020, which this Court dismissed without prejudice on September 28, 2020. Even assuming that the 90-day time limit was tolled during the pendency of the first lawsuit, the 2022 Complaint was filed on June 6, 2022, more than 20 months since the dismissal of the first lawsuit. Thus, the 2022 Complaint has been filed far beyond the 90-day deadline, and Plaintiff's Title VII claims should be dismissed with prejudice.

### C.      Plaintiff's ECPA Claim Is Time-Barred

The 2022 Complaint alleges that Booz Allen violated Plaintiff's rights under the "Fourth Amendment Electronic Comunication [sic] Privacy Act of 1986 (ECPA)." (Compl. ¶ 35).

Plaintiff fails to cite to any provision of the ECPA, or to specify how Booz Allen's conduct violated the law.

The Federal Wiretap Act makes it a criminal offense for any person to "procure any other person to intercept" an oral communication. *Council on Am.-Islamic Rel. Action Network, Inc. v. Gaubatz*, 891 F. Supp. 2d 13, 23 (D.D.C. 2012) (quoting 18 U.S.C. § 2511(1)(a)). Prior to 1986, the Federal Wiretap Act also allowed plaintiffs to bring a civil action against a party who had "procure[d]" another person to intercept oral communications. *Id.* (quoting 18 U.S.C. § 2520 (1970)). However, Congress deleted the procurement language from the civil liability provision when it amended the statute in 1986, and today the civil liability provision states:

> [A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a). The first clause defines the universe of individuals who have standing to bring suit—i.e., "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of th[e] chapter." *Id.* The remainder of the provision defines the universe of defendants subject to suit—i.e., any person "which engaged in that violation." *Id.* While there is a private right of action under § 2520, there is a split of authority as to whether this private right of action applies to both §§ 2511 and 2512, or to only § 2511. *See DIRECTV Inc., v. Childers*, 274 F.Supp.2d 1287, 1288 (M.D. Ala. 2003).

Pursuant to § 2520, "[a] civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." According to the 2022 Complaint, Plaintiff suspected that the latest incident involving alleged wiretapping occurred on September 27, 2019. (*See* Compl. ¶ 15). Plaintiff would have had two years from this date to file a claim under the ECPA. Even assuming that the

statute of limitations was tolled during the pendency of the first lawsuit, from April 30, 2020, to

September 28, 2020—a period of about five months—the 2022 Complaint was filed on June 6,

2022, exceeding the two-year statutory period to file claims under § 2520 by at least three

months. Thus, Plaintiff's ECPA claim is time-barred and should be dismissed with prejudice.

### D.      Plaintiff's Defamation Claims under DC and Virginia Law Are Time-Barred, and/or the Law Does Not Create a Private Right of Action

The 2022 Complaint alleges that Booz Allen slandered and defamed the character of

Plaintiff, in direct violation of the Code of Virginia § 18.2-417 and District of Columbia Code §

31–2231.05. (Compl. ¶ 29).

With respect to Plaintiff's defamation claim under District of Columbia law, the cited

statute provides that "[t]his chapter shall be construed to permit an administrative remedy only,

and nothing in this chapter shall be construed to create or imply a private cause of action for a

violation of this chapter." D.C. Code § 31-2231.02(a). Plaintiff also fails to explain how a

District of Columbia statute applies to an employment dispute arising in Virginia. Thus, Plaintiff

fails to state a cause of action under D.C. Code § 31–2231.05, and his claim should be dismissed

with prejudice. In addition, under District of Columbia law, all claims for libel and slander are

subject to a one-year statute of limitations. D.C. Code § 12-301. Thus, to the extent that Plaintiff

could articulate a viable defamation claim against Booz Allen under District of Columbia law,

such claim would be time-barred.

With respect to Plaintiff's defamation claim under Virginia law, the cited statute provides

that "[a]ny person who shall falsely utter and speak . . . of and concerning any person of chaste

character. . . is guilty of a Class 3 misdemeanor." Va. Code § 18.2-417. Furthermore, the law

specifies that "[e]very action for injury resulting from libel, slander, insulting words, or

defamation shall be brought ***within one year after the cause of action accrues***." *Id.* (emphasis

added). The 2022 Complaint far exceeds the one-year statutory period to file claims under Va. Code § 18.2-417 for defamation, and thus Plaintiff's claim is time-barred and should be dismissed with prejudice.

>    **E.    Plaintiff's Claim under Section 4101 Is Not Viable as the Law Does Not Create a Private Right of Action**

The 2022 Complaint alleges that Booz Allen "willfully [sic], purposely and negligently presented false statements, slander, dishonor and condemnation of the plaintiff to oppress, defame, deprivation rights, privileges, or protected [rights] by the Constitution or Laws of the United States," in violation of 28 U.S.C. § 4101. (Compl. ¶ 32).

Section 4101 does not create a private right of action. *See, e.g., Flynn v. Flores*, No. 1:21-cv-00193-JHR, 2021 WL 826553, at *1 (D.N.M. Mar. 4, 2021) (finding that Section 4101 "does not create a private cause of action for a domestic defamation claim"); *Thomas v. Franklin*, 8:19-CV-179-T-33TGW, 2019 WL 1281174, at *1 (M.D. Fla. Mar. 20, 2019) ("The Court reiterated that Thomas had no case under 28 U.S.C. § 4101 . . . ."). Thus, Plaintiff fails to state a cause of action under Section 4101, and his claim should be dismissed with prejudice.

>    **F.    Plaintiff's Claim under Section 1985(3) Is Time-Barred**

The 2022 Complaint alleges that Booz Allen "willfully [sic] and negligently conspire[d] to interfere with civil rights, deprivation rights, privileges, or [rights] protected by the Constitution or Laws of the United States," in violation of 42 U.S.C. § 1985(3). (Compl. ¶ 34).

In general, Section 1985(3) "provides a private cause of action for damages incurred '[i]f two or more persons ... conspire ... for the purpose of depriving ... any person of the equal protection of the laws.'" *Suber v. Guinta*, 902 F.Supp.2d 591, 608 (E.D. Pa. 2012) (quoting 42 U.S.C. § 1985(3)). Given that the complained-of conduct allegedly took place in Virginia, the applicable statute of limitations is set by Virginia law. "Unless otherwise provided in this section

or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A).

For purposes of the present action, Plaintiff's claims under Section 1985(3) "are barred by the two-year statute of limitations contained in . . . the Virginia Code." *Harris v. Obenshain*, 452 F.Supp. 1172, 1177 (E.D. Va. 1978). According to the 2022 Complaint, Plaintiff suspected that the latest incident involving conspiracy to interfere with his civil rights occurred on November 1, 2019. (*See* Compl. ¶ 21). Per Virginia law, Plaintiff would have had two years from this date to file a claim under Section 1985(3). Even assuming that the statute of limitations was tolled during the pendency of the first lawsuit, from April 30, 2020, to September 28, 2020—a period of about five months—the 2022 Complaint was filed on June 6, 2022, exceeding the two-year statutory period to file claims under Section 1985(3) by at least two months. Thus, Plaintiff's Section 1985(3) claim is time-barred and should be dismissed with prejudice.

## G.    Plaintiff's Claim under Section 1986 Is Time-Barred

The 2022 Complaint alleges that Booz Allen's failure to prevent the deprivation of Plaintiff's rights constituted a violation of 42 U.S.C. § 1986. (Compl. ¶ 33).

The viability of a Section 1986 claim typically rests on a related Section 1985 claim. *See, e.g.*, *Lundt v. Hodges*, 627 F.Supp. 373, 375 (N.D. Iowa 1985) ("Plaintiff failed to allege a cause of action under [Section 1986]. If there is no violation of Section 1985, a derivative claim under Section 1986 also must fail."). Regardless, the statute provides that "[n]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." Thus, Plaintiff's Section 1986 claim is time-barred and should be dismissed with prejudice.

**H.      Plaintiff's Claim under Section 241 Is Time-Barred, and/or the Law Does Not Create a Private Right of Action**

The 2022 Complaint alleges that Booz Allen "willfully [sic] and negligently conspire[d] to oppress, deprivation [sic] rights, privileges, or protected [rights] by the Constitution or Laws of the United States," in violation of 18 U.S.C. § 241. (Compl. ¶ 31).

Section 241 is a federal criminal statute and does not provide for a private right of action. *See, e.g., Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir.2006) (affirming dismissal of private claim under Section 241 as it "does not give rise to civil liability"); *Lamont v. Haig*, 539 F.Supp. 552, 558 (D.S.D. 1982) ("[P]laintiff has failed to cite, and the court has been unable to locate, any authority which would support implying a civil cause of action for violations of [Section 241]."). In addition, claims brought under Section 241 are subject to a one-year statute of limitations. Thus, Plaintiff fails to state a cause of action under Section 241, and his claim should be dismissed with prejudice.

**I.      Plaintiff's Fourth Amendment Claim Fails to State a Cause of Action**

The 2022 Complaint alleges that Booz Allen's conduct amounted to a violation of Plaintiff's rights under the Fourth Amendment of the Constitution. (Compl. ¶ 36).

"The Fourth Amendment's prohibition on unreasonable searches and seizures applies 'only [to] governmental action.'" *Fogg v. United States*, 247 A.3d 306, 313 (D.C. App. 2021) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). Thus, "'a wrongful search or seizure conducted by a private party does not violate the Fourth Amendment . . . .'" *Id.* (quoting *Walter v. United States*, 447 U.S. 649, 656 (1980)); *see also United States v. Lima*, 424 A.2d 113, 118 (D.C. App. 1980) (holding that Fourth Amendment restrictions cannot extend to private citizens in circumstances where the state was not deemed responsible for the private action).

Thus, Plaintiff fails to state a cause of action under the Fourth Amendment, and his claim should be dismissed with prejudice.

### J.        Insufficiency of Other Claims Raised by Plaintiff

Plaintiff generally alleges that Booz Allen violated his civil and human rights. (*See* Compl. ¶¶ 26, 38). These claims do not reference any specific laws or articulate a theory of liability for Booz Allen. In addition, Plaintiff alleges that Booz Allen's conduct towards him violated his rights under the Ninth Amendment and 42 U.S.C. § 1983. (Compl. ¶ 27). Like with the Fourth Amendment (see above), the Ninth Amendment only applies to governmental action and not to private parties. Furthermore, Plaintiff fails to identify which of his constitutional and civil rights Booz Allen allegedly has "conspired to violate," in "direct violation of [42 U.S.C. § 1983]." *See Jones v. District of Columbia*, 879 F. Supp. 2d 69, 87 (D.D.C. 2012) ("'[W]hen the only § 1983 cause of action is based on a violation of Title VII,' a plaintiff's 'exclusive remedy' is provided by Title VII." (quotation omitted)). Plaintiff has failed to state a cause of action for the above claims, and thus the claims should be dismissed with prejudice.

Finally, Plaintiff alleges that Booz Allen was negligent in depriving his rights. (Compl. ¶ 28). To allege a negligence claim, a plaintiff must allege facts sufficient to show "(1) a duty, owed by the defendant to the plaintiff, to conform to a certain standard of care; (2) a breach of this duty by the defendant; and (3) an injury to the plaintiff proximately caused by the defendant's breach." *Armstrong v. Nacient Solutions, LLC*, 292 F.Supp.3d 464, 473 (D.C. Cir. 2018). Here, Plaintiff fails to specify which rights Booz Allen allegedly deprived him of or how Booz Allen's (negligent) conduct was the proximate cause of this alleged deprivation of rights. Plaintiff also fails to provide a basis for his conclusory assertion that Booz Allen owned him a

duty of care. Plaintiff's negligence claim fails to meet the Iqbal-Twombly pleading requirements and should not survive Booz Allen's Motion to Dismiss.

## III.   MOTION TO DISMISS FOR IMPROPER VENUE

### A.  Standard of Review

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may challenge whether the plaintiff "has brought the case in a venue that the law deems appropriate." *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53 (D.D.C. 2006). "If the plaintiff's chosen forum is an improper venue under applicable statutes, or is otherwise inconvenient, the Court may dismiss the action or transfer the case to a district where venue would be proper or more convenient." *Id.* (citing 28 U.S.C. § 1406 (providing for dismissal or transfer when venue is defective) and 28 U.S.C. § 1404 (allowing venue transfer "for the convenience of the parties and witnesses")). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). Thus, Defendant may prevail on a motion to dismiss for improper venue by presenting facts sufficient to 'defeat' plaintiff's assertion of venue." *Sulton v. Peters*, 532 F. Supp. 2d 150, 151 (D.D.C. 2008).

### B.  Motion to Dismiss for Improper Venue

Venue in Title VII cases is governed by 42 U.S.C. § 2000e-5(f)(3). *See, e.g.*, *Beaird v. Gonzales*, 495 F. Supp. 2d 81, 83 (D.D.C. 2007). Under the relevant venue provisions, plaintiff can bring an action: (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such a practice are maintained and administered; or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment

practice. 42 U.S.C. § 2000e-5(f)(3); *see also Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969) (observing that it is "clear" that Congress intended to restrict Title VII venue "to the judicial district concerned with the alleged discrimination").

Plaintiff's Complaint alleges that venue is proper in the District of Columbia under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e-5(f)(3), arguing that Booz Allen's headquarters or office is located in the district, that relevant personnel records are located in the district, and that the challenged personnel practices were directed or supervised by Booz Allen from this district. (Compl. ¶ 3). First, the District of Columbia is not a proper venue location "in which the unlawful employment practice is alleged to have been committed . . . ." *See Demery v. McHugh*, F. Supp. 2d 5, 8 (D.D.C. 2013). Where a plaintiff alleges discrimination, the claim arises where the alleged discriminatory acts took place. *See Liban v. Churchey Group II*, 305 F. Supp. 2d 136, 142 (D.D.C. 2004). Booz Allen's headquarters is in McLean, Virginia, Plaintiff's place of employment during the time at issue was exclusively in McLean, Virginia, and despite some allusions to "the District of Columbia offices," all of the discriminatory and other unlawful acts alleged by Plaintiff took place in McLean, Virginia. (*See generally* Compl.). Relatedly, the Plaintiff fails to identify any specific incidents of discrimination, unfair treatment, or slander that occurred solely in the District of Columbia offices. (*See* Compl. ¶¶ 7-8). And, all relevant witnesses and responsible management officials in this matter conduct their daily work activities in Virginia. Because the alleged employment discrimination occurred in Virginia, the District of Columbia is not the proper venue for Plaintiff's Complaint.

Second, the Eastern District of Virginia is the judicial district in which Plaintiff's employment records relevant to this case are maintained and administered. *See* 42 U.S.C. §

2000e-5(f)(3). Thus, the location of the relevant records supports venue in the Eastern District of Virginia, not in the District of Columbia.

Third, at all times relevant to the Complaint, Plaintiff was employed and worked in Virginia. In addition, the alleged harassment that Plaintiff suffered from FBI agents took place at his office in McLean, Virginia.

Plaintiff has failed to lay venue in accordance with the special venue provisions of 42 U.S.C. § 2000e-5(f)(3). The alleged unlawful employment practices occurred in Virginia, the relevant employment records are maintained and administered in Virginia, and Plaintiff would have worked within the Eastern District of Virginia but for the alleged unlawful employment practices. Because venue is improper, pursuant to 28 U.S.C. § 1406(a), the Court has discretion to either dismiss this action or transfer it to a district where venue is proper. *See, e.g.*, *Cellutech, Inc. v. Centennial Cellular Corp.*, 871 F. Supp. 46, 50 (D.D.C. 1994).

The fact that Plaintiff filed his Complaint in the District of Columbia is irrelevant to the issue of whether venue is proper there. Plaintiff's Complaint should be dismissed because he should have reasonably foreseen that the forum in which he was filing his Complaint was improper. *See Nichols v. Searle*, 991 F. 2d 1195, 1202 (4th Cir. 1993). Plaintiff either made an obvious error in filing his Complaint in the District of Columbia or perceived that this venue would gain him some advantage in the litigation. In situations where a plaintiff should have reasonably foreseen that the forum in which he filed was improper, a court does not abuse its discretion in dismissing the case outright. *In re Pickerel*, 267 B.R. 1, 5 (D.D.C. Bankr. 2001) ("[A] district court . . . need not transfer a civil action filed in a district in which the court lacked personal jurisdiction over the defendant if the misfiling resulted from a mistake based on a lack of diligence . . . ." (citation omitted)).

C.        Motion to Transfer Venue

If the Court does not find sufficient basis to dismiss this case under Rule 12(b)(3), to the

extent that the Court finds the interests of justice warrant the transfer of this action to a

jurisdiction with venue, Booz Allen submits that the U.S. District Court for the Eastern District

of Virginia is the proper venue for Plaintiff's action. *See* 28 U.S.C. § 1404(a) ("For the

convenience of the parties and witnesses, in the interest of justice, a district court may transfer

any civil action to any other district or division where it might have been brought . . . ."). The

venue transfer statute places "discretion in the district court to adjudicate motions to transfer

according to an 'individualized, case-by case consideration of convenience and fairness.'" *Trout*

*Unlimited v. United States Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996) (citations

omitted). In the present case, the alleged discrimination and other wrongful acts were committed

in the Eastern District of Virginia, records and witnesses relating to Plaintiff's claims against

Booz Allen are located there, and Plaintiff formerly worked there. *See id.* (noting that when a

court weighs transferring a case to an available forum, it focuses on the convenience of the

witnesses and the interests of justice, such as the ease of access to sources of proof).

Although a plaintiff's choice of forum generally is entitled to due deference, it is well-

established that "this deference is weakened when the plaintiff is not a resident of the chosen

forum." *Liban*, 305 F. Supp. 2d at 141-42. This deference is further diminished "if a plaintiff's

choice of forum has no meaningful ties to the controversy and no particular interest in the parties

or subject matter." *Id.* at 142; *see also Trout*, 944 F. Supp. at 17 ("The showing that defendants

must make is lessened when the 'plaintiff[s'] choice [of forum] has no factual nexus to the case,'

and where, as in this case, transfer is sought to the forum with which plaintiffs have substantial

ties and where the subject matter of the lawsuit is connected to that state."). Here, Plaintiff is a

resident of the state of New York, (Compl. ¶ 6), and the District of Columbia as his choice of forum lacks a "factual nexus" to the allegations raised in his Complaint.

In addition, like the private factors, the public factors in this case weigh in favor of transferring this action to the District Court for the Eastern District of Virginia. As previously discussed, the alleged wrongful acts in this case occurred entirely in Virginia. Thus, Virginia clearly possesses the local interest in this action. Furthermore, there is no reason why this Court, with its own calendar of cases arising out of events occurring in the District of Columbia, should be burdened with a case that bears no connection to the District of Columbia. *See Air Line Pilots Ass'n v. E. Air Lines*, 672 F. Supp. 525, 526 (D.D.C. 1987) (conversation of judicial resources is an appropriate consideration in determining whether to transfer venue).

## IV.   <u>CONCLUSION</u>

Therefore, for the reasons set forth above, Defendant Booz Allen's Motion to Dismiss for Failure to State a Claim should be granted and Plaintiff's Complaint should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted and because he filed the Complaint in an improper venue.


Dated: June 27, 2022                                  Respectfully submitted,

<u>/s/ Barbara L. Johnson</u>
Barbara L. Johnson (#480189)
POTTER & MURDOCK, P.C.
2200 Pennsylvania Ave., NW
4th Floor, East Tower
Washington, DC 20037
Tel:  (571) 356-9007
Fax: (703) 832-0211
Email: bjohnson@pottermurdock.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of June 2022, the foregoing document was filed with the Court's ECF system and mailed to the following via certified mail:

Harold Jean-Baptiste
253-37 148th Drive
Rosedale, NY 11422
hbaptiste@influctec.com
*Pro se Plaintiff*

/s/ Barbara L. Johnson
Barbara L. Johnson