UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Harold Jean-Baptiste

    Plaintiff,

v.

Booz Allen Hamilton,

    Defendant

CASE: 22-CV-1499 (TM)

Leave to file GRANTED

TREVOR N. MCFADDEN
United States District Judge
7/7/22

**MOTION: Reply "Reply to Opposition to Motion for Dismissal"**

Plaintiff respectfully reject the assertion in the reply to the opposition motion, the defendant was not the judge in any other case, and can't make the assumption on other cases as a pattern and has no merit for this case before the Court. The case the defendant mentioned went to the Supreme Court, the defendant references the Supreme Court Case #21-1175 when the defendant failed to state that the defendant did not appear and never noted the error of the Court to not issue default judgement, according to Fed. R. Civ. P. 55(d). The case before the Court has nothing to do with any other cases, but stand-alone case against Booz Allen Hamilton. The defendant is stating the right to sue letter has not been shown to the Court, and the plaintiff can show the letter anytime to the Court if proof is needed, the defendant never stated they did not get the letter which was share by the plaintiff and EEOC. This is a perfect example of the disingenuous of the defendant to the Court, the Court should ask the defendant under oath if they received the Right to Sue letter from the plaintiff and EEOC, plaintiff sure the truth will be told. This is a perfect example of the defendant poor legal reason to dismiss this case, the argument is artful in nature but lack legal merit. The defendant has stated a number of frivolous legal reasons to persuade the Court for motion to dismiss with prejudice without clear legal merit. The complaint before the Court has multiple witnesses, metadata data and video to support all allegations for the Court to review. Part of the judicial process is to demonstrate to the Court the burden of proof

1

using the discovery process, deposition and other material to support all allegations in the case before the Court. The case before the Court the evidence for the complaint is never within the complaint, therefore how can lack of claim relief be a reasonable legal argument to dismiss a case of this profoundly serious allegations. The legal reasoning is so erroneous and quite clear of a lack of legal judgement. Defendant's conclusory contention that the complaint was filed for an improper purpose fails to allege or demonstrate any general or particular improper purpose by plaintiff, it's unreasonable to persuade the Court to convey a conclusion of the complaint base on poor legal reasoning.

The defendant's motion to dismiss *should be denied* because of the nature of Federal Laws violated cannot be ignored by defendant's request for "Motion to Dismiss" and abstention would simply deny the plaintiff's rights to due process as stated by the First Amendment. "The United States Supreme Court has recognized the right to petition as one of the most precious of the liberties safeguarded by the Bill of Rights", *see Lozman v. City of Riviera Beach, 138 S. Ct. 1945, (1946)*. The defendant's legal reasoning is not based on facts, none of the evidence of this case has been presented to the Court, therefore the plaintiff should have the opportunity to petition this case before the Court. The defendant is using fallacious legal knowledge to derail a "Pro Se" plaintiff from having due process and cover the gravity of the violations the defendant has committed. The Supreme Court stated, "At its core, the right to due process reflects a fundamental value in our American constitutional system. Our understanding of that value is the basis upon which we have resolved", *see Boddie v. Connecticut, 401 U.S. 371, 374 (1971)*.

It's in the public interested that the Court provide the plaintiff a full fact-finding Judicial Review to ensure the defendant does not discriminate on someone else in the future. It's the Court duty to set a precedence to protect the public interest to held the defendant accountable, to prevent the defendant's malicious actions in the future. The Supreme Court stated, "the balancing exercise in some other case might require us to make a somewhat more precise determination regarding the significance of the public interest and the historical importance of the events in question", *see Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 175 (2004)*.

2

The complaint is presented before the Court to address the actions of the defendant if that constitute violation of the law, the Court should not ignore the plaintiff right to full fact-finding Judicial Review. The allegations in the complaint are not as mere conclusion but allegations to be proven before the Court hence why this case should continue to discovery. The defendant is just ashamed of what they have done and should have confidence in discovery since the defendant is "Pro Se" presenting this case. The defendant actions were oppressive in nature against the plaintiff freedom because the in nature constitutes deprivation rights, oppress in nature to place the plaintiff to potentially be arrested. Past precedence stated oppression is, "unfair act is properly defined as one that is "immoral, unethical, oppressive, or unscrupulous," a deceptive act need not fit that definition, but need merely have the capacity or tendency to mislead or deceive*", see also Bronster v. United States Steel Corp., 82 Haw. 32, 50 (1996)*. The action of the defendant where immoral, unethical, oppressive, or unscrupulous to deceive and mislead the plaintiff, therefore is oppressive in nature. The Court should see that the defendant has nothing to loss in discovery and if the allegations are not true, they can file motion for dismiss after discover, to deny the plaintive due process would violate the plaintiff right to petition.

The defendant's actions constitute as an act to violate Civil Rights, Constitutional Rights to not be oppress by the actions, it's in the public interest for the Court to review the full fact of the case. "[A]ction of oppression and violating of fundamental principles of law is well calculated to bring about confusion, riot, and bloodshed", *see State v. Zaglin, 114 S.C. 265, 267 (1920)*. The precedence of the Court stated, "To act according to their uncorrupted business judgment for the sole benefit of the corporation, the meaning of "oppressive", *see Ritchie v. Rupe, 443 S.W.3d 856, 860 (2014)*. The actions of the defendant in the complaint constitute bad business judgement therefore should be review by the Court. Whether the defendant want to acknowledge their actions was oppressive in nature or constitutes an intention to oppress and violate the plaintiff Civil Right and Constitutional Rights to not be subjected deprivation rights, privileges, or protected by Constitutional and Civil Rights, Federal Laws of the United States. The Court must make that determination

against the defendant and therefore the case should have the opportunity to be presented before the Court for a fair Judicial Review.

According to Federal Rules Procedure Rule (26) and LCvR 26.2 process for discovery and evidence sharing has not taking place and doesn't exist within the motion to dismiss or in the complaint. The due process before the Court must take place to show the burden of proof, should not be ignored. Simply providing opposing opinion without having full fact-finding review would impair due process. "The standard of review may be critical to the outcome of the case", See Dickinson v. Zurko, 527 U.S. 150, 152-61 (1999). Past precedence stated, Standard of review is important to our resolution of a case, see Krull v. SEC, 248 F.3d 907, 914 (9th Cir. 2001). With a case presented before the Court with multiple witnesses and video to support all allegations, the Court should not ignore the discovery process and even entertain the defendant's claim of lack of claim for relief. The plaintiff is 'Pro Se' and a Big Washington Law Firm should have all-legal advantage in the Court and should not be afraid of the discovery process, it quite clear the defendant has no legal argument to not let the case be presented before the Court. The argument for lack of claim for relief has no legal reasoning, is just disingenuous. Unfortunately, the witnesses can't lie under oath for the defendant, hence the fear to present this case.

The Court should examine more precisely the weight of the liberty interest, the calamity of the Federal Laws violations presented by the plaintiff who is filing "Pro Se" the opportunity before the Court to grant the plaintiff due process. First, the risk of an erroneous deprivation of the plaintiff's First Amendment "Right to Petition" would be denied and the profound serious allegations in the complaint should not be ignored until full fact Judicial Review before the Court. The concept of the judicial system is to provide a fair Judicial Review, the defendant is asking the Court to ignore Judicial Review by erroneous legal argument to avoid a fair hearing for the plaintiff.

The actions of the defendant are profoundly serious actions the Court should never ignore and set precedence in seeking Judicial Review is in the interest of the public to hold a company like Booz Allen Hamilton accountable. Dismissing this case without a fair Judicial Review would embolden the defendant to do this again to someone else in

the future, defendant is not above the law and the Court should provide every opportunity to hear the merits of the case. The Court should see this tactic of the defendant as a method to deny the plaintiff a fair Judicial Review.

The video in Booz Allen Hamilton alone proves the allegation in question before the Court should the defendant be held liable for their actions and provide the plaintiff full fact Judicial Review, illustrating lack of claim of relief in the complaint is pure strategy to hinder the plaintiff due process before the Court.

According to Federal Rules of Procedure (26) the discovery process is the time when substance of the initial disclosure takes place. The Court should not ignore the Federal Rule of Procedure that governs the Court, all the allegations in the complaint should be provided an opportunity to present the evidence of the case. The United States Supreme Court stated an entity not private conduct, "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers", *see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 660 (1978).* There is past presentence for the Court to rule the defendant's actions can violate the plaintiff Civil Rights and Constitutional Rights. The complaint is not the burden of proof to the Court, multiple witnesses, video and metadata as evidence, that should not be ignore by the Court. The plaintiff should be provided the opportunity to present the facts in discovery not as expected by the defendant to be in the complaint, and the Court should let facts decide the judgement of the case. The motion to dismiss should be denied.

**Conclusion**

The defendant's motion to dismiss should be denied. The question raised by defendant's counsel should be answered in the discovery process with more evidence beside the video, the plaintiff is "Pro Se" and any error in the complaint can be correct, any errors in the complaint doesn't constitute as a reason for dismissal. The plaintiff filed this lawsuit to raise the actions of the defendant which constitute Federal Laws, Civil Rights and Constitutional Rights violations to deprive the plaintiff of Free Liberty and oppressive in nature. The actions of the defendant should not be overlooked by the

Court to denied the plaintiff a fair Judicial Review.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 5, 2022, copy of the motion was filed via CM/ECF, mail to defendant.

Respectfully Summitted,

*Harold Jean-Baptiste*

Harold Jean-Baptiste
253-37 148 Drive
Rosedale NY 11422

786-657-8158 Cell
hbaptiste@influctec.com