UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD JEAN-BAPTISTE**, <br><br> Plaintiff, <br><br> v. <br><br> **BOOZ ALLEN HAMILTON, INC.**, <br><br> Defendant. | Case No. 1:22-cv-01499 (TNM) |

## MEMORANDUM OPINION

Harold Jean-Baptiste, proceeding *pro se*, sues his former employer, Booz Allen Hamilton for employment discrimination under Title VII and violations of federal and state statutes. Booz Allen moves to dismiss Jean-Baptiste's Complaint for failure to state a claim under Rule 12(b)(6) and for improper venue under Rule 12(b)(3). The Court will grant in part Booz Allen's motion under Rule 12(b)(6) because Jean-Baptiste's claims are either time-barred or do not meet minimum pleading standards, and will deny the motion in part insofar as the dismissal is without prejudice.[1]

### I.

Jean-Baptiste worked for Booz Allen as a data scientist. *See* Am. Compl. (Compl.) ¶ 6, ECF No. 3. Soon after Booz Allen hired him, Jean-Baptiste submitted a racial discrimination claim to Booz Allen and the EEOC. *See id.* He asserted that he was the "only black male and Haitian exclusion [sic] from [sic] training conference essential for [his] role." *Id.* ¶ 7. He also claimed that his co-worker stated she "hated black people" and exhibited hostility toward him.

---

[1] Because the Court grants Booz Allen's Motion to Dismiss under Rule 12(b)(6), the Court need not consider the arguments about improper venue.

*Id.* ¶ 8. And he complained that armed FBI agents accosted him and searched his office. *See id.* ¶ 15. Booz Allen investigated Jean-Baptiste's claims and found them meritless. *See id.* ¶ 21; *see also* Def.'s Mot. to Dismiss (Def.'s MTD) at 6, ECF 7-1. Booz Allen then asked Jean-Baptiste to undergo a fitness for duty exam, but he did not report for the exam. *See* Def.'s MTD at 6. So Booz Allen fired Jean-Baptiste in February 2020, about seven months after hiring him. *See id.*

Jean-Baptiste first sued Booz Allen and other federal Defendants in April 2020 alleging violations of Title VII and his constitutional rights, illegal invasion of privacy under the Electronic Communications Privacy Act (ECPA), and more. *See Jean-Baptiste v. Booz Allen Hamilton, Inc., et al.*, No. 1:20-cv-02178, ECF No. 1 (D.D.C. April 30, 2020).[2] After amending his Complaint several times, Jean-Baptiste sought voluntary dismissal, which this Court granted. *See id.*, ECF No. 37; *see also* Minute Order (Sept. 28, 2020).

Jean-Baptiste filed this case nearly two years later, suing Booz Allen under many of the same theories. *See* Compl. at 2. He alleges that Booz Allen violated Title VII, ECPA, §§ 1983, 1985(3) and 1986 of the Civil Rights Act, and other federal and state statutes between March 10, 2019 and February 24, 2020. *See, e.g.*, *id.* ¶ 1. Jean-Baptiste seeks a declaratory judgment, damages, reinstatement of his employment, and more. *Id.* at 15–16. Booz Allen argues that Jean-Baptiste's claims must be dismissed because they are either time-barred or do not meet minimum pleading standards. The Court agrees with Booz Allen and will grant its motion in full, except for the request that the dismissal be with prejudice. Jean-Baptiste's Motion to Take Judicial Notice is also pending. *See* Mot. to Take Judicial Notice (MJN), ECF No. 13. Because Jean-Baptiste is *pro se*, the Court considers the allegations in, and attachments to, his motion in

---

[2] Jean-Baptiste first sued Booz Allen and the FBI in D.C. Superior Court, but Defendants removed the action to this Court in August 2020.

this Opinion.  This Court has jurisdiction over Jean-Baptiste's federal claims under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-5(f)(3).

## II.

A complaint must contain sufficient factual allegations to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" do not suffice.  *Id.*

At the motion to dismiss stage, the Court treats the complaint's factual allegations as true and grants the plaintiff the benefit of inferences drawn from the facts alleged.  *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000).  But the Court need not accept inferences unsupported by facts alleged in the complaint.  *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Because Jean-Baptiste is *pro se*, the Court "liberally construe[s]" his filings.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court may also consider Jean-Baptiste's supplemental filings "to clarify the precise claims being urged." *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007).  But these relaxed standards do not relieve Jean-Baptiste of his obligation to comply with the Federal Rules of Civil Procedure.  *See Slovinec v. Am. Univ.*, 520 F. Supp. 2d 107, 111 (D.D.C. 2007).

Rule 8(a) requires a Complaint to contain short and plain statements of "the grounds for the court's jurisdiction" and "the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Iqbal*, 556 U.S. at 679.  And Rule 8(d) requires that each allegation "be

3

simple, concise, and direct." Fed. R. Civ. P. 8(d). Rule 8's standards ensure that defendants receive fair notice of the claims against them so they can prepare defenses. *See Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003).

### III.

### A.

Jean-Baptiste alleges that Booz Allen violated Title VII by fostering a hostile work environment and by discriminating against him based on race. *See* Compl. ¶¶ 24, 30, 37, 39. Booz Allen argues that his claims must be dismissed because they are time-barred. *See* Def.'s MTD at 9–10.

Booz Allen terminated Jean-Baptiste's employment on February 24, 2020. *See* Compl. ¶ 6; Def.'s MTD at 6. Jean-Baptiste claims he received a Right to Sue Letter from the Equal Employment Opportunity Commission (EEOC) on February 5, 2020, a prerequisite to bringing an employment discrimination suit. *See* Compl. ¶ 4. And he submits a copy of the letter, though it is dated February 14, 2020. *See* MJN, Ex.1. Regardless of when in February 2020 Jean-Baptiste received the letter, Booz Allen is correct that his claim is time-barred.

"A person aggrieved under Title VII who seeks to file a civil action must do so within ninety days from receipt of the EEOC right-to-sue notice." *Griffin v. Acacia Life Ins. Co.*, 151 F. Supp. 2d 78, 80 (D.D.C. 2001); *see also* 42 U.S.C. § 2000e-5(f)(1). And courts strictly construe the 90-day deadline for Title VII claims, even in *pro se* cases. *See, e.g.*, *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 173 (D.D.C. 2011). Jean-Baptiste sued Booz Allen in May 2022—far outside the 90-day period which began in February 2020. Even if the 90-day time limit were equitably tolled

4

during Jean-Baptiste's first lawsuit, his suit here remains untimely because he filed it nearly twenty months after he voluntarily dismissed his prior action.[3]

**B.**

Jean-Baptiste next alleges that Booz Allen violated his rights under ECPA by monitoring his computer. *See, e.g.*, Compl. ¶¶ 24, 35. Booz Allen argues that this claim must also be dismissed because it is time-barred. *See* Def.'s MTD at 10–12.

ECPA provides that a civil action "may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e). To the extent comprehensible, Jean-Baptiste's Complaint alleges that Booz Allen most recently illegally intercepted his communications on September 27, 2019. *See* Compl. ¶ 15; Def.'s MTD at 11. So Jean-Baptiste had until September 27, 2021 to sue under ECPA. *See* 18 U.S.C. § 2520(e). Because he did not sue until May 2022, this claim is also time-barred. Jean-Baptiste has no meaningful rebuttal to Booz Allen's arguments. *See, e.g.*, Pl.'s Opp'n to Mot. to Dismiss (Opp'n) at 4, ECF No. 9. Though Jean-Baptiste states that he had two years to refile his original Complaint against Booz Allen, *see, e.g.*, *id.* at 5, he cites no authority for this proposition, nor does this Court know of any. Thus, the Court will dismiss his ECPA claim.

---

[3] And Jean-Baptiste bears a heavy burden in showing he is entitled to equitable tolling. *See, e.g.*, *Miller v. Downtown Bid Servs. Corp.*, 281 F. Supp. 3d 15, 20 (D.D.C. 2017) (explaining that a plaintiff is entitled to equitable tolling "only if" he shows that he "has been pursuing his rights diligently" and "some extraordinary circumstance" prevented a timely filing). He does not carry that burden here.

## C.

Jean-Baptiste also alleges that Booz Allen violated §§ 1985(3) and 1986 of the Civil Rights Act.  *See* Compl. ¶¶ 33–34.  Once again, Booz Allen argues that these claims are time-barred.  *See* Def.'s MTD at 13–14.

Section 1985(3) permits suit if two or more people "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws."  42 U.S.C. § 1985(3).  And § 1986 allows a derivative suit against a person who knew of violations under § 1985 but neglected to prevent them.  *See* 42 U.S.C. § 1986.  Typically, the viability of a § 1986 claim depends on a meritorious § 1985 claim.  *See, e.g.*, *Philogene v. District of Columbia*, 864 F. Supp. 2d 127, 132 (D.D.C. 2012) (dismissing a § 1986 claim after finding that the plaintiff did not adequately state a claim under § 1985).

Jean-Baptiste alleges that Booz Allen conspired to interfere with his civil rights in violation of § 1985(3).  *See* Compl. ¶ 34.  Because § 1985 does not include a statute of limitations, courts apply the "most appropriate or analogous" state law to determine the statute of limitations.  *Cf. Carney v. Am. Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998) (applying this rule to a § 1981 claim); *see also Philogene*, 864 F. Supp. 2d at 132–33 (applying this rule to a § 1985 claim).  And when two state laws could apply, District of Columbia choice-of-law rules require this Court to apply the "tort law of the jurisdiction that has the 'most significant relationship' to the dispute."  *Wu v. Stomber*, 750 F.3d 944, 949 (D.C. Cir. 2014) (quoting *Washkoviak v. Student Loan Mktg. Ass'n*, 900 A.2d 168, 180 (D.C. 2006)).  To assess which state's relationship is more significant, this Court considers where the injury occurred, the domicile and place of business of the parties, and the place where their relationship is centered.  *See id.*

Booz Allen contends that the "most appropriate or analogous" state law is Virginia's personal injury statute, which requires plaintiffs to bring claims within two years of the alleged violation. *See* Def.'s MTD at 13 (citing VA Code § 8.01-243(A)). Booz Allen argues that Jean-Baptiste's claims stem from conduct that took place at its headquarters in Virginia. *See id.* at 13, 18. And according to the EEOC right-to-sue letter that Jean-Baptiste submits, he resided in Virginia in February 2020. *See* MJN, Ex. 1. In any event, Jean-Baptiste is now a New York resident. *See* Compl. ¶ 6. Jean-Baptiste does not contest that Virginia's personal injury law supplies the statute of limitations. *See* Opp'n at 6–7. And other than a few passing references to discrimination within Booz Allen's District office, *see, e.g.*, Compl. ¶ 4, Jean-Baptiste pleads no facts to suggest that the District has a more significant relationship to the parties, *see generally id.*; *see also* Opp'n at 2–7. The Court will thus apply the Virginia statute of limitations.

Jean-Baptiste alleges that the last event involving conspiracy to interfere with his civil rights occurred on November 1, 2019. *See* Compl. ¶ 21. Though Jean-Baptiste dates this paragraph "November 1, 2020," *see id.*, Booz Allen and this Court construe the year as a typographical error. For starters, Jean-Baptiste alleges at the beginning of his Complaint that Booz Allen's objectionable actions occurred "in the work place since March 10, 2019 to Feb 24, 2020"—the date on which Booz Allen fired him. *Id.* ¶ 1. His opening paragraph thus suggests that the conduct about which he sued occurred during this time frame. And the Complaint contains other obvious typographical errors, including one paragraph dated "September 19, 2009," ten years before Jean-Baptiste's employment with Booz Allen began. *Id.* ¶ 9.

More, Jean-Baptiste's dated paragraphs largely proceed sequentially, listing various dates throughout September 2019. Then, beginning with paragraph 18, Jean-Baptiste includes three 2020 dates, with a 2019 date sprinkled in the middle. *See id.* ¶¶ 18–21. These 2020 dates far

post-date Jean-Baptiste's employment with Booz Allen, and fall outside the period he describes in the first paragraph of his Complaint. *See id.* ¶ 1. One of them discusses an incident when he "was called to his manager's office" to speak with the head of human resources— an encounter that would have only occurred during his employment. *See id.* ¶ 18. And as for his § 1985(3) claim, it is implausible that Booz Allen could be engaged in conspiracy many months after Jean-Baptiste's termination that would interfere with his civil rights. For these reasons, the Court agrees with Booz Allen that the last allegation involving conspiracy to interfere with Jean-Baptiste's civil rights occurred in November 2019, not November 2020.[4]

Virginia's two-year statute of limitations for tort claims therefore bars Jean-Baptiste's § 1985(3) claim. *See* Va. Code § 8.01-243(A); *see also Harris v. Obenshain*, 452 F. Supp. 1172, 1177 (E.D. Va. 1978) (applying this provision of Virginia's code to a § 1985(3) claim). Jean-Baptiste filed his Complaint in May 2022, more than two years after Booz Allen allegedly conspired to interfere with his civil rights. Even if the statute of limitations were tolled during his prior action—a five-month period—his claim would still be untimely here by almost two months. The Court will thus dismiss Jean-Baptiste's § 1985(3) claim. And because the Court dismisses his § 1985(3) claim, it also will dismiss his § 1986 claim, which requires a viable § 1985 claim. *See, e.g.*, *Philogene*, 864 F. Supp. 2d at 132.

---

[4] And even if the year was not a typo, the Court would dismiss this claim sua sponte under Rule 12(b)(1) as patently frivolous. *See, e.g.*, *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009) (explaining that federal courts are "without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantiated as to be absolutely devoid of merit'"). Jean-Baptiste does not allege facts sufficient to support conspiracy between Booz Allen and the FBI. And this Court may dismiss claims that are "essentially fictitious" including "bizarre conspiracy theories" under Rule 12(b)(1). *See Walsh v. Comey*, 118 F. Supp. 3d 22, 25 (D.D.C. 2015); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). This is such a claim.

### D.

Jean-Baptiste also argues that Booz Allen willfully presented false statements and slandered him in violation of 28 U.S.C. § 4101 and conspired to deprive him of his rights in violation of 18 U.S.C. § 241.  *See* Compl. ¶¶ 31–32.  Booz Allen argues that both claims must be dismissed because neither statute creates a private right of action.  Def.'s MTD at 13, 15.

Congress codified 28 U.S.C. § 4101 *et seq*. in response to "a perceived increase in the frequency of foreign libel judgments inconsistent with the First Amendment."  *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1004 n.22 (9th Cir. 2013).  The law renders a foreign defamation judgment unenforceable in the United States unless a litigant proves that it tracks the First Amendment and the forum state's constitution.  *See id.*  But the law does not create a federal cause of action for domestic defamation suits.  *See, e.g.*, *DeLima v. Google, Inc.*, 561 F. Supp. 3d 123, 135 (D.N.H. 2021) (explaining that § 4101 "merely defines the term 'defamation' for purposes of a statutory scheme that allows United States courts to recognize or enforce foreign judgments for defamation").  Jean-Baptiste does not allege that he has won a foreign defamation judgment.  *See generally* Compl.  So the Court will dismiss Jean-Baptiste's claims because § 4101 does not create a private cause of action for a domestic defamation claim.

Next up is Jean-Baptiste's claim under 18 U.S.C. § 241.  Section 241 is a criminal statute under which the government may charge individuals who "conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States."  18 U.S.C. § 241.  Courts generally decline to "infer a private right of action from a 'bare criminal statute.'"  *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)).  And the D.C. Circuit has held that § 241 does not create a private right of

action—only the United States as prosecutor may sue under this provision. *See Crosby v. Catret*, 308 F. App'x 453 (D.C. Cir. 2009) (per curiam). Thus, the Court will dismiss Jean-Baptiste's claim under 18 U.S.C. § 241.

### E.

Jean-Baptiste also argues that Booz Allen conspired to deprive him of his civil rights in violation of 42 U.S.C. § 1983, violated the Fourth and Ninth Amendments, and harmed his "human rights." *See* Compl. ¶¶ 26–27, 36, 38. Booz Allen argues that these claims should be dismissed for failure to state a claim for which relief may be granted. Def.'s MTD at 15–16.

Jean-Baptiste alleges that Booz Allen conspired to violate his rights under § 1983, but he neither identifies what rights Booz Allen violated, nor provides facts to support this claim. *See* Compl. ¶¶ 24, 27. Basic pleading standards require more than "labels and conclusions" and "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up). And even if, as Booz Allen suggests, Jean-Baptiste attempts to also bring his claims about workplace discrimination under § 1983, *see* Def.'s MTD at 16, he cannot. "When the only § 1983 cause of action is based on a violation of Title VII, a plaintiff's exclusive remedy is provided by Title VII." *Jones v. District of Columbia*, 879 F. Supp. 2d 69, 87 (D.D.C. 2012); *cf. Great Am. Fed. Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 375–76 (1997) (holding that rights created by Title VII cannot be the basis for a § 1985(3) claim). Thus, the Court will dismiss his § 1983 claims.

Jean-Baptiste next claims that Booz Allen violated the Fourth and Ninth Amendments. *See* Compl. ¶¶ 27, 36. But the Fourth Amendment "proscrib[es] only governmental action; it is wholly inapplicable" to a search or seizure conducted by a private entity. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). And the Ninth Amendment is a structural constitutional

provision confirming that the enumeration of certain rights "shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.  Jean-Baptiste fails to state a claim under the Fourth and Ninth Amendments because Booz Allen is not a governmental actor. *See* Def.'s MTD at 15–16.  As a result, the Court will dismiss these claims.

Jean-Baptiste also alleges that Booz Allen violated his "human rights." *See* Compl. ¶¶ 26, 38.  But he neither cites statutory provisions nor articulates a theory of liability as to how Booz Allen violated his human rights. *See generally* Compl.  He says only that Booz Allen "subjected [him] to cruel and violation [sic] of Human Rights to be free and have equal dignity." Compl. ¶¶ 26, 38.  But that is not enough.  Even *pro se* plaintiffs must articulate a cause of action for their claims to give defendants fair notice of the grounds on which the claim rests. *See, e.g.*, *Dougherty v. United States*, 156 F. Supp. 3d 222, 235–36 (D.D.C. 2016).  The Court will therefore dismiss Jean-Baptiste's claims that Booz Allen violated his human rights because he fails to state a claim for which relief can be granted. *See, e.g.*, *Doe v. Metro. Police Dep't of D.C.*, 445 F.3d 460, 469 (D.C. Cir. 2006) (affirming dismissal of claims under Rule 12(b)(6) for failure to state a cause of action).

**F.**

That leaves Jean-Baptiste's defamation, slander, and negligence claims. *See, e.g.*, Compl. ¶¶ 24, 28, 29.  District courts may exercise supplemental jurisdiction over state-law claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction.  28 U.S.C. § 1367(a).  But the Court may "decline to exercise supplemental jurisdiction over [claims outside of its original jurisdiction] if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the

11

pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

This is the case here. There is no apparent difference in convenience for the parties by litigating this case in local versus federal court. As for judicial economy, this case has only been pending here for a short time and the parties have invested no resources in discovery. Finally, because Jean-Baptiste's claims raise issues of District and Virginia state law, local courts are better poised to resolve these issues in the first instance. *See, e.g.*, *Dyson v. District of Columbia*, 808 F. Supp. 2d 84, 88–89 (D.D.C. 2011) (declining supplemental jurisdiction over claims arising from D.C. law because "the remaining issues are best resolved by the state court"). The Court will therefore decline to exercise jurisdiction over Jean-Baptiste's defamation, slander, and negligence claims.

### IV.

For these reasons, the Court will grant in part Booz Allen's Motion to Dismiss Jean-Baptiste's federal claims, but it will deny the motion insofar as it requests dismissal with prejudice. Dismissals with prejudice under Rule 12(b)(6) are disfavored in this Circuit, and the "standard for dismissing a complaint with prejudice is high." *Coon v. Wood*, 68 F. Supp. 3d 77, 82 (D.D.C. 2014); *see also, e.g.*, *Rudder v. Williams*, 666 F.3d 790, 794–95 (D.C. Cir. 2012) (explaining that dismissal with prejudice is "the exception, not the rule" and that it is "warranted only when the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"). That is not necessarily the case here.

The Court also declines to exercise supplemental jurisdiction over the remaining state-law claims.  A separate Order will issue.


Dated:  September 21, 2022                           TREVOR N. McFADDEN
                                                    United States District Judge