# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 22-7128**　　　　　　　　　　　　　　**September Term, 2022**

**1:22-cv-01499-TNM**

**Filed On:** February 22, 2023

Harold Jean-Baptiste,

　　　　　Appellant

　v.

Booz Allen Hamilton, Inc.,

　　　　　Appellee

**BEFORE:**　　Wilkins, Rao, and Walker, Circuit Judges

### O R D E R

Upon consideration of the motion for summary affirmance, the opposition thereto, the reply, and the sur-reply, it is

**ORDERED** that the motion for summary affirmance be granted as to all of appellant's claims other than the one pursuant to 42 U.S.C. § 1985(3).  The merits of the parties' positions as to these claims are so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Besides appellant's claims under Title VII and 42 U.S.C. §§ 1985(3) and 1986, appellant forfeited all his claims by failing to raise any of them in opposition to the motion for summary affirmance.  See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).  As to appellant's Title VII claim, the district court correctly dismissed that claim as barred by the 90-day limitations period.  See 42 U.S.C. § 2000e-5(f)(1); Oviedo v. Wash. Metro. Area Transit Auth., 948 F.3d 386, 394 (D.C. Cir. 2020).  Even assuming that appellant's earlier lawsuit tolled that period, he still failed to commence the current suit within the requisite time frame, and the dismissal of that earlier suit "without prejudice" did not permit appellant to file a new action without regard to the statute of limitations.  See Ciralsky v. C.I.A., 355 F.3d 661, 672. (D.C. Cir. 2004). Appellant's § 1986 claim similarly fails based on that statute's one-year limitations period.  See 42 U.S.C. § 1986.  It is

**FURTHER ORDERED**, on the court's own motion, that appellee show cause, within 30 days of the date of this order, why the court should not summarily reverse the

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 22-7128**  **September Term, 2022**

dismissal of appellant's § 1985(3) claim in light of the District of Columbia's three-year residual limitations period.  See Jones v. Kirchner, 835 F.3d 74, 80–81 (D.C. Cir. 2016); Fitzgerald v. Seamans, 553 F.2d 220, 223 (D.C. Cir. 1977).  The response to the order to show cause may not exceed the length limitations established by Fed. R. App. P. 27(d)(2) (5,200 words if produced using a computer; 20 pages if handwritten or typewritten).  Appellant may file a reply, not to exceed 2,600 words, or 10 pages if it is handwritten or typewritten, within 14 days of service of appellee's response.

The Clerk is directed to send a copy of this order to appellant both by certified mail, return receipt requested, and by first class mail.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until resolution of the remainder of the appeal.

**Per Curiam**