UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Harold Jean-Baptiste** <br><br> Plaintiff, <br><br> v. <br><br> **Booz Allen Hamilton,** <br><br> Defendant | **CASE: 22-CV-1499 (TNM)** |

**Motion: Response to Cross Motion for Summary Judgment**

The Defendant cross motion for summary judgment is just ludicrous and an attempt to gaslight the Court to accept alternative facts and should be denied. First in foremost, the Defendant can't just deny all evidence for discovery which includes video of all the allegations in the complaint. The Plaintiff rejects and objects to cross statement of fact by the Defendant and is **not undisputed**, all the affidavit by employees of Booz Allen Hamilton are false statements, because no evidence by the Defendant was shared in the discovery process and the Defendant objected to all evidence on this case, therefore just a statement without validation of the evidence should not be accepted by the Court. The Defendant can simply provide the Court with the video in the building of Booz Allen Hamilton office in McLean, Virginia as proof if the Defendant believe this case is frivolous, I'm sure that will not happen. The Defendant has not honored the discovery process in *good faith* at all because it's clear the emails, records and video evidence will show the Court how much disingenuous the Defendant are to the Court. The judicial process has not been balanced to collect all the evidence confirm the Defendant affidavit of witnesses and cross statement of facts. Most importantly the Judge presiding on this case vacated and malice intentions by the FBI against Plaintiff in case #20-CV-02178 in US Court District of Columbia, the Order to vacate malice actions by the FBI *(that saved the Plaintiff's life)* by Judge McFadden confirms the continuous Civil Rights violations allegations against the FBI that started at Booz Allen Hamilton office in McLean, Virginia, in which the complaint in that case is exactly the same as the case against Booz Allen Hamilton we are referencing, *nothing in the complaint was change.* So how can the Defendant state to this Court, Civil Rights violation that occurred in Booz Allen Hamilton office in McLean, Virginia as frivolous. The Court should simply say only facts



1

FEB 27 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

is respected by the Court and Order Booz Allen Hamilton to share the all the discovery data and video in the office of Booz Allen Hamilton office in McLean, Virginia, hence why the Defendant refuse to share any evidence with the Court, they are afraid of the truth.  Since the beginning of this case and nature of this case the Defendant failed to follow the Court Order for the discovery process to share information requested, admissions, interrogatories and provided false information in the deposition to hinder the judicial process and never followed the rules of the Court according to *Fed R. Civ. P. 26, 31, and 33*.  If the Court accept these attempts to insult the Court intelligence, the rule law is lost forever and Defendant will violate someone else Civil Rights again in the future. Only accountability will prevent the Defendant from doing this again and the Court must hold them accountable since the facts presented by the Plaintiff of the case were *undisputed* by the Defendant.

**Sovereign Immunity and Admission of Guilt**

The argument by the Defendant on sovereign immunity is more than preposterous; according to the Connel Law School, the definition of sovereign immunity refers to the fact that the government cannot be sued without its consent.   According to the rule of law granting the sovereign immunity means the Court will not hold the Government liable for violation of law and granting sovereign immunity implies admission of guilt as stated by the Supreme Court.   Prior Court stated, sovereign immunity was a continuing common law doctrine and that would permit suit against themselves as of right, *see Alden v. Maine, 527 U.S. 706, 789 (1999)*.  Past Court stated, "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit", *see Fed. Deposit Ins. v. Meyer, 510 U.S. 471, 475 (1994)*.  It's clearly defined by past Courts that outside of the Court granting sovereign immunity the Government would be liable, and by granting sovereign immunity implies all the allegations against the Government would be an admission of guilt as the Supreme Court stated. The Supreme Court stated, "legislative immunity and a pardon. They are substantial. The latter carries an imputation of guilt; acceptance a confession of it*.", see Burdick v. United States, 236 U.S. 79, 94 (1915)*.  It's clear by the Supreme that sovereign immunity can only be used to prevent liability for a government entity and therefore is an acceptance a confession of the allegations in the complaint in Supreme Court case #21-1175, Superior District of Columbia (CASE # 2021 CAB 000377) and appeal to DC Appeal Court (CASE # 21-CV-0242).  The complaint against the FBI and DOJ in Superior District of Columbia (CASE # 2021 CAB 000377) is exactly the same as the complaint against Booz Allen Hamilton. The Defendant argument that the FBI and Booz Allen Hamilton did not conspire to against the Plaintiff is disingenuous because the FBI and DOJ asking for sovereign immunity for Civil Rights violation inside Booz Allen Hamiton was accepted as confession of it, it's clear the Defendant

is disingenuous to the Court and the Court should hold Booz Allen Hamilton accountable for lying to the Court.  Prior Court stated, unless waived by Congress, sovereign immunity bars a Plaintiff from enforcing liens on Government property or funds to recoup their losses, *see Department of Army v. Blue Fox, Inc., 525 U.S. 255, 265 (1999)*.  The Supreme Court stated, "sovereign's immunity in its own courts and its immunity in the courts", *see Franchise Tax Bd. of Cal. v. Hyatt, 139 S. Ct. 1485, 1505 (2019)*. The Supreme Court stated, "doctrine of sovereign immunity remains meaningful, while also giving recognition to the need to prevent violations of federal law", *see Idaho v. Coeur D'Alene Tribe of Idaho, 521 U.S. 261, 269 (1997)*. The Supreme Court stated, "sovereign immunity insulates the municipality from unconsented suits altogether", *see Owen v. City of Independence, 445 U.S. 622, 647 (1980)*.  The tactic of the Defendant is to use the English language in a manner that is misleading to the Court to change what the definition of sovereign immunity means in the Court of law and the official definition is that the government cannot be sued without its consent and sovereign immunity is used to shield government entities from liability as legislative Congress designed. The Supreme Court stated using sovereign immunity shield from liability also means you accept and confess to the allegations in a complaint and therefore FBI conspired with Booz Allen Hamilton against the Plaintiff's Civil Rights inside Booz Allen Hamilton office in McLean, Virginia.  The Defendant can lie to themselves every day in the mirror if the help them live with themselves, but the rule of law already stated they are disingenuous to the Court, therefore Court should rule against the cross motion for summary judgment because the Court only honors the truth, because deceitfulness to the Court is unacceptable, and the sinful acts by the Defendant will be an injustice if the Court let them get away with it.

**Statement of Facts**

The Plaintiff sent the statement of facts to the Defendant via email and no opposition to the statement of facts was sent by email, mail or Court proceedings, the Defendant did not have any oppositions or contested or have any genuine disputes to any material facts, according to *Fed R. Civ. P. 56(c)(1),*  The Defendant accepted the statement of facts as being fact and truth for this case, and for reasons on known to the Plaintiff this epiphany to contest the statement of facts now is out of bound because the Defendant cross-summary judgment is full of alternative facts and the Defendant fail to provide genuine truthful dispute according to *Fed R. Civ. P. 56(c)(2).*  The statement of facts was *undisputed* and therefore any disputes by the Defendant now, does not clearly address they did not violate the Plaintiff's Civil Rights of the rules of the Court according to *Fed R. Civ. P. 56(c)*  Since the Defendant fail to submit any truthful objections to the Plaintiff's statement of facts according to *Fed R.*

*Civ. P. 56(c)(2),* according to *Fed R. Civ. P. 56(e)(2)* the Court must consider the Plaintiff's statement of facts as *undisputed* and grant the motion for summary judgment according to *Fed R. Civ. P. 56(e)(3)*. Supreme Court stated, "summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law", *see Broadhead v. Boyd, No. 2:16-CV-64-WHA (WO), at \*3 (M.D. Ala. Feb. 4, 2019).* Prior Court stated, "summary judgment cannot be sustained, for by very definition summary judgment precludes an original finding of fact or the establishment of permissible inferences from *undisputed* statement of facts. Summary judgment must flow only as a matter of law from undisputed facts", *see Shehi v. Southwestern Bell Telephone Company", 382 F.2d 627, 629 (10th Cir. 1967).* Past Court stated, "To warrant summary judgment, the district court must make the further finding that given the undisputed facts, summary judgment is proper as a matter of law", *see Wienco, Inc. v. Katahn Associates, Inc., 965 F.2d 565, 568 (7th Cir. 1992).* Prior Court stated, "In view of the applicable law, and the undisputed facts, summary judgment was appropriate on the issue of negligence", *see Torres v. Southern Pac. Transp. Co., 584 F.2d 900, 902 (9th Cir. 1979).* Past Court stated, the district court could consider the record as a whole to determine the undisputed facts on summary judgment. Rule 56 provides that parties should cite particular parts of the record to support their respective arguments that a fact cannot be genuinely disputed, *see Green v. Northport, No. 14-11916, at \*2 (11th Cir. Jan. 12, 2015).* Past Court stated, "there was no genuine disputed issue of fact and that the case was an appropriate one for summary judgment because the issues were of law rather than of fact and that in any event, since the underlying and evidentiary facts were admitted and undisputed, all that remained was to apply the proper legal principles to undisputed facts. Summary judgment was entered", *see Riddell v. Monolith Portland Cement Co., 301 F.2d 488, 489 (9th Cir. 1962).* Past Court stated, "the material, undisputed facts and the law warranted entry of summary judgment", *see Hotel 71 Mezz Lender LLC v. National Retirement Fund, 778 F.3d 593, 603 (7th Cir. 2015).* Past Court stated, "the district court granted summary judgment in favor…based on the undisputed facts established in their summary judgment motion", *see Coney v. Davis, No. 19-7438, at \*2 (4th Cir. June 16, 2020).* Past Court stated, "Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law", *see Coney v. Davis, No. 19-7438, at \*2 (4th Cir. June 16, 2020).* Prior Court stated, "genuine issues of fact precluding summary judgment on behalf of one party while at the same time the undisputed facts warrant summary judgment for the other party", *see Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 996 (9th Cir. 2001).* The Defendant is out of bounds to submit cross-summary judgment full of false facts

and ignored the rules of the Court to challenge the Plaintiff's statement of facts at this moment in cross motion for summary judgment, the statement of facts of this case is well establish, *undisputed,* clearly documented with evidence, police report within the Court rules and procedures and therefore the Defendant complete argument for cross summary judgment lacks legal merit. **The question before the Court is did the Defendant violate the Plaintiff's Civil Rights, the most important events that documented the violation of the Plaintiff's Civil Rights are two major incidents, Chimisa Walker actions to setup the Plaintiff for arrest (Paragraph 8 on page 13 and Exhibit 24.1 on page 14 in the statement of facts) and the hospital incident (Police report incident Exhibits 33, 34, 35, 36 and paragraph 10 on page 18 in the statement of facts)**.  The Defendant <u>never address these two incidents</u>, the police report at the hospital confirm the FBI was at the hospital to arrest the Plaintiff based on Chimisa Walker actions to setup the Plaintiff for arrest and the evidence (Exhibit 24.1 on page 14 in statement of facts) the Plaintiff presented shows intent to violate the Plaintiff's Civil Rights and is fact, that Chimisa Walker conspire with the FBI and executed actions to setup the Plaintiff for arrest was done purposely and willfully to destroy the Plaintiff's life, therefore violated the Plaintiff's Civil Rights.  The Defendant intentionally never address these two critical points in their cross-summary judgment for <u>four reasons only, because the evidence is overwhelming and can't be denied or refuted and gaslight the Court of the fact that Booz Allen Hamilton employees are more than evil and the evil act was done to violate the Plaintiff's Civil Rights</u>, therefore cross-summary judgment should be denied by the Court.

**Conclusion**

Pursuant to *Local Rule (7)(h), Fed R. Civ. P. 49,* (b), *Fed R. Civ. P. 56(d), Fed R. Civ. P. 56(e), Fed R. Civ. P. 56(f, Fed R. Civ. P. 56(c)(2), Fed R. Civ. P. 56(e)(2) and Fed R. Civ. P. 56(e)(3),* the Plaintiff respectfully ask the Court to issue an Order of summary judgment or special verdict base on the Plaintiff's statement of material facts as *undisputed* and the Defendant's failure provide discovery information requested, admissions, interrogatories and false depositions.  The Defendant acted in *bad faith,* by disregarding the Order of the Court and ignoring the rules that govern the Court to have a fair judicial review.  The actions of the Defendant were egregious, offensive to the Court intelligence to delay, violated the rules of the Court and are severe enough to warrant the Court to rule in manner to uphold the rules of the Court and Order summary judgment for full relief request in the complaint. The complaint against the FBI in Supreme Court case #21-1175 was the same as the Defendant and the FBI was giving sovereign immunity for the actions against the Plaintiff in his workplace, which is an *imputation of guilt.* The Plaintiff's material of facts is *undisputed* therefore, the Defendant never

contested to key material of facts of this case, the police report of the FBI actions at the University of Miami hospital or the email by Chimisa Walker as proof she setup the Plaintiff for arrest. The FBI was in the Plaintiff's office, why else would the FBI visit the Plaintiff's doctor office in University of Miami Hospital for arrest or believe the Plaintiff would lie for a medical injury for a Disability claim and Defendant conspired to violate the Plaintiff's Civil Rights, the Defendant has no legal ground to deny that the Defendant never *disputed* this critical evidence of the case, and causation applies for consideration of summary judgment.  Anything mentioned by the Defendant outside of the *undisputed* statement of facts submitted by the Plaintiff is irrelevant at this time of the case and have no legal rational for the Court to make a cross-summary judgment. The Plaintiff mentioned an FBI Agent David Bowich who the Plaintiff noticed while in the hospital in Miami, which the Defendant reference, it's the Plaintiff opinion as one of the architects of the FBI Civil Rights violation and Defendant can't contest that fact without the FOIA data which the Court has denied granting.  The Judge of this case was also a witness to the original complaint against the FBI, therefore can confer the complaint is the same and even the University of Miami hospital experience by the FBI against Booz Allen Hamilton.  The rule for law matters and the Defendant can't ignore the Court Order, gaslight the Court and the rules that govern the Court, it's the Court duty to prevent this abuse of the Judicial System.  The Defendant willfully, purposely and deliberately ignored a Court Order or rules that govern the Court for a fair judicial review, the Court should deny the cross-motion and issue summary judgment based on the *undisputed* statement of facts submitted by the Plaintiff that clearly shows the Defendant intentionally and maliciously violated the Plaintiff's Civil Rights and should rule in favor of the Plaintiff's summary judgment.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2024, copy of the motion was filed via CM/ECF, email to Defendant.


Respectfully Summitted,

*[signature: Harold Jean-Baptiste]*

_____

Harold Jean-Baptiste
253-37 148 Drive
Rosedale NY 11422

786-657-8158 Cell
hbaptiste@influctec.com